Nott, J.,
delivered the opinion of the court:
The chief and important question in this case, viz, whether an equitable owner in possession of real property at the time of a direct-tax sale can subsequently take by deed the legal title so as to become “the owner” of the land and entitled to the surplus within the intent and meaning of the Direct Tax Act 1861 (12 Stat. L., 292, § 36), was decided when the case was previously before the court. The proof which has since been taken renders the case somewhat clearer, and establishes the facts which it was then supposed existed (21 C. Cls. R., 135).
*230 A minor question now arises, viz, whether the claimant has relieved himself from the suspicion of having held the land adversely to the purchaser at the tax sale and of occupying the inconsistent positions of maintaining an entry in the land and of seeking a surplus derived from its sale.
The facts established by the evidence are that the tax-sale certificate, being apparently the property of two joint owners, was transferred and delivered by one of them to the claimant. The consideration paid for the certificate by the purchaser in 1864 was $665, and the consideration paid by the claimant in 1872 was $1,350.
It may be conceded that if the claimant was setting up a title to the land under the certificate, the proof would be insufficient to establish his right to more than a moiety. But the claimant is not setting up such a title, and his right to the surplus does not rest upon it, and the court is of the opinion that the payment by him of $1,350 for the certificate, the written transfer by one of the joint owners, accompanied by the actual delivery of the certificate itself, and the silence and apparent acquiescence of the other joint owner are sufficient to-establish the ultimate fact that the claimant is not holding adversely to the tax sale, and are certainly sufficient to put the Government upon its defense.
The order of the court is that the findings of fact and conclusions of law now filed, together with the opinion of the court delivered February 1,1886, and this opinion, be certified to the Secretary of the Treasury for his guidance and action.